[No. A056174. First Dist., Div. Five. Oct. 20, 1992.]

DAVID REED et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and
Respondents.

## COUNSEL

David B. Harrison for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, Burk E. Delventhal and G. Scott Emblidge, Deputy City Attorneys, for Defendants and Repondents.

Hugh H. Welsh and Jane L. Trigero as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**KING Acting P. J.**—In this case we hold that an antiapartheid ordinance which provides it is inapplicable if in conflict with federal law does not preclude the local port commission from contracting with foreign shipping companies because the federal Shipping Act of 1984 prohibits marine terminal operators from barring a shipper for reasons unrelated to transportation or economic conditions.

David Reed and five coplaintiffs appeal from a defense judgment in their action for a determination that San Francisco's antiapartheid divestment ordinance requires the city's port commission to refuse to enter into marine terminal agreements with foreign shipping companies that do business with South Africa. We affirm.

San Francisco's divestment ordinance prohibits the city from, among other things, entering into "any lease, permit, license or other agreement" for the use of city property with "any person, entity or financial institution" that maintains business relations with South Africa. (S.F. Admin. Code, § 10.213, subd. (A).) The ordinance does not apply where its application would "violate or be inconsistent with the laws, rules or regulations of . . . the United States of America." (S.F. Admin. Code, § 10.313, subd. (E)(4)(d).)

The port commission entered into a marine terminal agreement with a Dutch shipping company, Nedlloyd Lines, permitting the shipper to berth its vessels regularly in San Francisco. Nedlloyd purportedly maintains direct shipping lines to South Africa.

■ Reed sued the city for declaratory and injunctive relief, contending the divestment ordinance prohibits marine terminal agreements with shippers that do business with South Africa. The court sustained a demurrer on the ground such application of the ordinance would conflict with the Shipping Act of 1984, and rendered a defense judgment.

The Shipping Act of 1984 regulates international shipping practices in the United States. (46 U.S.C. § 1701.) Its central feature is an exemption from the antitrust laws. (46 U.S.C. § 1706.) The act also prohibits various acts. (46 U.S.C. § 1709.) Among the prohibited acts is "unreasonable" discrimination: a marine terminal operator may not "subject any particular person, locality, or description of traffic to an unreasonable refusal to deal or any undue or unreasonable prejudice or disadvantage in any respect whatsoever." (46 U.S.C. § 1709 (b)(12); see 46 U.S.C. § 1709 (d)(3) [prohibition applies to marine terminal operators].) "Person" includes "individuals, corporations, partnerships, and associations existing under or authorized by the laws of the United States or of a foreign country." (46 U.S.C. § 1702 (20).)

The trial judge in the present case concluded that the application of the divestment ordinance sought by Reed would conflict with the act's unreasonable discrimination prohibition because it would allow the city to bar a shipper for reasons unrelated to transportation or economic conditions. The judge relied on *New York Shipping Ass'n* v. *Federal Maritime Com'n* (D.C. Cir. 1988) 854 F.2d 1338 [272 U.S.App.D.C. 129].

The court in *New York Shipping* upheld a determination by the Federal Maritime Commission that in reviewing the validity of a discriminatory rule contained in a collective bargaining agreement, the commission could not rely on labor policy considerations (such as the interest in preserving work), but could consider only *transportation* conditions. (854 F.2d at pp. 1344, 1366, 1373, 1375.) The court reasoned as follows: the Shipping Act's prohibition against unreasonable discriminatory practices is similar to prohibitions in the Interstate Commerce Act which establish transportation standards rather than criteria of general welfare; the Federal Maritime Commission properly held the shipping laws to similar standards; and "there is nothing in the shipping laws that would permit the Commission to give preference to [labor policies] when to do so would undermine Congress's purpose of allowing only such discriminations and burdens on shipping *as can be justified by transportation conditions*." (*Id.* at p. 1375, italics added.)

The impact of *New York Shipping* on the present case is obvious. If a discriminatory practice is prohibited by the Shipping Act's unreasonable

discrimination prohibition unless the practice can be justified by transportation conditions, any application of San Francisco's divestment ordinance to preclude a marine terminal agreement because a shipper does business with South Africa would conflict with the Act, since the restriction is unrelated to transportation conditions. Because of this conflict, the ordinance by its own terms does not apply in this context. (S.F. Admin. Code, § 10.313, subd. (E)(4)(d).)

Reed contends there is no discrimination, and thus no conflict, because the proposed restriction on marine terminal agreements would apply to all shippers equally. This argument is patently meritless. The restriction would discriminate against shippers that do business with South Africa. Such discrimination might be justified as a matter of public policy, but it is forbidden by the Shipping Act.

Reed also contends the "reasonableness" of a discriminatory practice is a question of fact that is unsuitable for disposition on demurrer. This argument misses the point of *New York Shipping*. If a discriminatory practice can be justified only by transportation conditions, it is necessarily unreasonable if no such justification exists. That is the situation here.

Because the divestment ordinance does not apply in the present context due to conflict with the Shipping Act of 1984, we need not consider the city's alternative arguments that such application is preempted by the comprehensive coverage of the act or would violate the supremacy and commerce clauses of the United States Constitution. Consideration of the constitutional questions would be particularly inappropriate, since constitutional issues are to be avoided when a case can be decided on other grounds. (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65 [195 P.2d 1]; *People* v. *Bowen* (1991) 231 Cal.App.3d 783, 789 [283 Cal.Rptr. 35].)

The judgment is affirmed.

Haning, J., and Walker, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied January 21, 1993.

---

*Judge of the Napa Superior Court sitting under assignment by the Chairperson of the Judicial Council.